# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

LE'ELLIS EDWARDS,                          )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )      Case No. CIV-26-00189-JD
                                           )
MARIO SOLORIO, et al.                      )
                                           )
            Defendants.                    )

## <u>ORDER</u>

Before the Court is Plaintiff Le'Ellis Edwards's ("Edwards") Pro Se Prisoner Civil

Rights Complaint. [Doc. No. 1]. The action was referred to United States Magistrate

Judge Amanda Maxfield, who entered a Report and Recommendation recommending that

the Court dismiss this action without prejudice ("R. & R.") [Doc. No. 6 at 1]. For the

reasons explained below, the Court ACCEPTS the R. & R. and DISMISSES this action

without prejudice.

When a magistrate judge issues a report and recommendation on a dispositive

motion, the district judge "shall make a de novo determination of those portions of the

report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "[A] party may serve and

file specific written objections to the proposed findings and recommendations" within

fourteen days after being served with a copy of the magistrate judge's report. Fed. R. Civ.

P. 72(b)(2). The district judge may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with

instructions. 28 U.S.C. § 636(b)(1). That the district judge performs a "de novo

determination" does not mandate additional or repeat evidentiary hearings. *United States v. Raddatz*, 447 U.S. 667, 674 (1980).

The Tenth Circuit has "adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate [judge]." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Under this rule, "the failure to make timely objection to the magistrate[] [judge's] findings or recommendations waives appellate review of both factual and legal questions." *Id.* There are two exceptions to the waiver rule: "when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005) (quoting *Moore*, 950 F.2d at 659). The Tenth Circuit has considered various factors to determine whether the interests of justice require review; these factors include "[1] a *pro se* litigant's effort to comply, [2] the force and plausibility of the explanation for his failure to comply, and [3] the importance of the issues raised." *Id.* at 1120.

Courts employ a liberal construction to the legal sufficiency of pro se pleadings, "applying a less stringent standard than is applicable to pleadings filed by lawyers." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). This means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the court will not "assume the role of advocate," *id.*, nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173–74.

2

Judge Maxfield ordered Edwards to cure certain deficiencies in his Application for Leave to Proceed in Forma Pauperis, [Doc. No. 2], on or before February 26, 2026. [Doc. No. 5]. Edwards did not cure those deficiencies by that date; he did not move for an extension of the deadline; and he did not request leave to file out of time. Thus, Judge Maxfield recommended dismissal. [R. & R. at 1]. The R. & R. advised Edwards of his right to file objections to the R. & R. on or before March 24, 2026, *id.* at 2, and Edwards did not file any such objections. On March 18, 2026, Edwards filed a second Application for Leave to Proceed in Forma Pauperis, [Doc. No. 7], but this (1) was filed after the February 26, 2026, deadline; (2) did not request leave to file out of time; (3) did not contain objections to the R. & R; and (4) still did not cure the deficiencies in Judge Maxfield's order [Doc. No. 5].[1]

Edwards has waived any objection to the R. & R., and he plainly failed to comply with Judge Maxfield's order. None of the facts evince a significant effort to comply, nor has Edwards provided an explanation as for his noncompliance.

For these reasons, the Court ACCEPTS the R. & R. in full and DISMISSES this action without prejudice. A separate judgment will follow.

IT IS SO ORDERED this 31st day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[1] "[P]ro se litigants must follow the same rules of procedure that govern other litigants." *Shrader v. Biddinger*, 633 F.3d 1235, 1249 n.9 (10th Cir. 2011).